IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 12-304 |
| | ) | **(UNDER SEAL)** |
| v. | ) | |
| | ) | |
| MICHAEL SUTTON | ) | |
|     a/k/a Silk | ) | |
| JOHN WRIGHT, JR. | ) | |
| ZACHARY KING | ) | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Barbara K. Swartz, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a four-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 1 | Conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine<br>January 2011 - June 2012 | 21 U.S.C. § 846 | ALL |

| | | | |
|---|---|---|---|
| 2 and 4 | Possession with intent to distribute and distribution of less than 28 grams of cocaine base<br>August 12, 2011 (Count 2)<br>December 30, 2011 (Count 4) | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | Sutton |
| 3 | Possession with intent to distribute and distribution of less than 500 grams of cocaine<br>September 2, 2011 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | King |

## II. **ELEMENTS OF THE OFFENSES**

A. As to Count 1:

In order for the crime of Conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to possess with the intent to distribute or distribute a controlled substance.

2. That the defendant was a party to or member of that agreement.

3. That the defendant joined the agreement or conspiracy knowing of its objective to possess with the intent to distribute or distribute a controlled substance and intending to join together with at least one other alleged conspirator to

2

achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective.

4. That cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4).

5. That the conspiracy had the specific unlawful purpose of possessing with intent to distribute and distributing five kilograms or more of cocaine. 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii). (Apprendi v. New Jersey, 530 U.S. 466 (2000)).

Third Circuit Model Criminal Jury Instruction 6.21.846B (modified).

B. As to Counts 2-4:

In order for the crime of possession with intent to distribute and/or distribution of less than 28 grams of cocaine base, or possession with intent to distribute and/or distribution of less than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date(s) set forth, the defendant distributed and/or possessed with intent to distribute the controlled substance charged in the indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v.

> Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2. That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

3. That cocaine and cocaine base are Schedule II controlled substances, pursuant to 21 U.S.C. § 812(c), Schedule II(a)(4).

### III. **PENALTIES**

A. As to Count 1: Conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine (21 U.S.C. § 846):

1. A term of imprisonment of not less than ten (10) years to a maximum of life.

2. A fine not to exceed $10,000,000.

3. A term of supervised release of at least five (5) years.

For a second felony drug conviction that is final, whether federal, state, or foreign:

1. A term of imprisonment of not less than twenty (20) years to a maximum of life.

2. A fine not to exceed $20,000,000.

4

3. A term of supervised release of at least ten (10) years.

For a third or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1. A mandatory sentence of life imprisonment.
2. A fine not to exceed $20,000,000.

B. As to Counts 2 and 4: Possession with intent to distribute and distribution of less than 28 grams of cocaine base (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)):

1. A term of imprisonment of not more than twenty (20) years.
2. A fine not to exceed $1,000,000.
3. A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1. A term of imprisonment of not more than thirty (30) years.
2. A fine not to exceed $2,000,000.
3. A term of supervised release of at least six (6) years.

C.  As to Count 3: Possession with intent to distribute and/or distribution of less than 500 grams of cocaine (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)):

1.  A term of imprisonment of not more than twenty (20) years.

2.  A fine not to exceed $1,000,000.

3.  A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1.  A term of imprisonment of not more than thirty (30) years.

2.  A fine not to exceed $2,000,000.

3.  A term of supervised release of at least six (6) years.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Not applicable in this case.

## VI. **FORFEITURE**

Not applicable in this case.

> Respectfully submitted,
>
> DAVID J. HICKTON
> United States Attorney
>
> *Barbara [signature]*
> BARBARA K. SWARTZ
> Assistant U.S. Attorney
> PA ID No. 204338